UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD**<br><br>  1015 Half Street SE<br>  Washington, D.C., 20570<br><br>       Applicant,<br>  v.<br><br>**TASHA BIRD**<br><br>  2619 Bladensburg Road NE, Apt. 408,<br>  Washington, D.C. 20018<br><br>       Respondent. | Case: 1:25−mc−00010<br>Assigned To : Ali, Amir H.<br>Assign. Date : 2/18/2025<br>Description: Misc.<br><br>Civil Case No. |

**APPLICATION FOR ORDER REQUIRING COMPLIANCE
WITH ADMINISTRATIVE SUBPOENAS AD TESTIFICANDUM**

To the Honorable Judges of the United States District Court for the District of Columbia:

The National Labor Relations Board (Board)[1] an administrative agency for the Federal Government, created pursuant to the National Labor Relations Act, as amended (29 U.S.C. § 151 et seq.) (Act) respectfully applies to this honorable court, pursuant to § 11(2) of the Act (29 U.S.C. § 161(2)), for an order requiring Respondent Tasha Bird (Respondent Bird) to comply

---

[1] Briefly, the National Labor Relations Board is divided between the five-member Board, acting as a quasi-judicial body, and the General Counsel, who is charged with investigating and prosecuting cases before the Board. Regional offices, headed by Regional Directors, are supervised by the General Counsel. Regional Directors have authority to issue subpoenas in the name of the Board. Finally, the General Counsel represents the Board in federal court proceedings. Region 5 of the National Labor Relations Board has jurisdiction over Washington D.C. and parts of Maryland, Virginia, West Virginia, Delaware, and Pennsylvania.

1

RECEIVED
FEB 18 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

with subpoenas ad testificandum issued by the Board and duly served on Respondent Bird.[2] In support of this application (Application), the Board respectfully shows as follows:

1.  This Court has jurisdiction of the subject matter of this proceeding and of Respondent Bird by virtue of § 11(2) of the Act (29 U.S.C. § 161(2)). Upon all information known to the Board at this time, Respondent Bird resides in this Court's judicial district.

2.  Pursuant to the provisions of § 6 of the Act, the Board has issued Rules and Regulations (the Board's Rules) governing the conduct of its operations, which have been duly published in the Federal Register (24 F.R. 9095), as provided for in the Administrative Procedures Act (5 U.S.C. § 552). This court may take judicial notice of the Board's Rules by virtue of 44 U.S.C. § 1507.

3.  The Act grants the Board certain powers with respect to "all hearings and investigations" which are necessary to and proper for the Board fulfilling its statutory obligation to enforce the Act. 29 U.S.C. §161(1). Section 11 of the Act provides the Board and its agents broad investigatory authority, including the power to subpoena any evidence "that relates to any matter under investigation or in question." 29 U.S.C. § 161(1); see also *NLRB v. North Bay Plumbing*, supra; *NLRB v. Interstate Materials Corp.*, 930 F.2d 4, 6 (7th Cir. 1991) (describing the Board's broad Section 11 powers). The Board's subpoena authority extends to third parties such as Respondent Bird. *Link v. NLRB,* supra, 330 F.2d at 439 (Board's subpoena power is not limited to persons being investigated or proceeded against); *NLRB v. Lewis,* 310 F.2d 364, 366 (7th Cir. 1962).

---

[2] Pursuant to 76 Fed. Reg. 69,768 (Nov. 9, 2011), the Board has delegated authority to the General Counsel to pursue, among other things, enforcement of Orders of the Board and Subpoenas issued by the Board. This delegation is effective during any time when the Board has fewer than three Members, unless and until revoked by the Board. All further references to the Board are inclusive of the General Counsel's authority to seek subpoena enforcement on the Board's behalf during a period when the Board has fewer than three Members.

4.	This Application arises as a result of events in unfair labor practice charges currently pending before the Board pursuant to Section 10(b) of the Act 29 U.S.C. § 160(b)). The charges were filed by Amalgamated Transit Union, Local 689 a/w Amalgamated Transit Union, AFL-CIO, CLC(Union) against TagBGroup a.k.a. Tag B Parking, whose correct name is TagBGroup d/b/a Tag B Parking (Employer) in Cases 05-CA-307789 and 05-CA-308552. The charges allege that the Employer violated Section 8(a)(1) and (5) of the Act by (1) failing and refusing to recognize the Union as the exclusive collective-bargaining representative of its employees in the bargaining unit; and (2) failing and refusing to bargain in good faith with the Union as the exclusive collective-bargaining representative of its employees in the bargaining unit. Attached as Exhibits 1 and 2 are true and correct copies of the charges in these cases.

5.	In relation to the case processing of the charges described above in paragraph 4, the Board issued on July 18, 2024, October 29, 2024, and December 17, 2024, at the written request of Board agents, subpoenas ad testificandum numbers A-1-1M1SMWP, A-1-1MVBTQ1, and A-1-1N9YT0Z to Respondent Bird at her home address located at 2619 Bladensburg Road NE, Apt. 408, Washington, D.C. 20018. Enclosed with each subpoena was a cover letter. Attached as Exhibits 3, 4, 5, 6, 7, and 8 are true and correct copies of Subpoena A-1-1M1SMWP, Subpoena A-1-1MVBTQ1, and Subpoena A-1-1N9YT0Z and their respective accompanying cover letters.

6.	Prior to issuing subpoenas to Respondent Bird, Board Agent William Szabo (Board Agent Szabo) obtained Respondent Bird's home address from an employment record submitted to the Board in Case 05-RC-279327, and confirmed that address in a search of CLEAR online investigation software from Thomson Reuters (CLEAR Search) which identified

a, individual named Tasha Bird whose home address was 2619 Bladensburg Road NE, Apt. 408, Washington, D.C. 20018.

7. On October 4, 2024, prior to issuing Subpoena A-1-1MVBTQ1, and Subpoena A-1-1N9YT0Z, Board Agent Szabo also contacted the United States Postal Service and requested Respondent Bird's address. On January 15, 2025, Board Agent Szabo received written confirmation from the United States Postal Service that Respondent Bird receives mail at 2619 Bladensburg Road, NE, Apt. 408, Washington, DC 20018. Copies of Board Agent Szabo's request for address and the United States Postal Service's reply are attached as Exhibits 9 and 10.

8. Subpoena A-1-1M1SMWP was served on Respondent Bird by United Parcel Service (UPS) 2nd Day Air Delivery on July 18, 2024, and was delivered on July 19, 2024. Subpoena A-1-1M1SMWP compelled Respondent Bird to appear before a Board agent of Region 5 of the Board on August 1, 2024. A true and correct copy of Subpoena A-1-1M1SMWP and confirmation of delivery are attached as Exhibits 3 and 11. This subpoena was issued under the authority of and in the manner and form provided for in Section 11(1) of the Act and Sections 102.31 and 102.113 of the Board's Rules.

9. In addition to serving Subpoena A-1-1M1SMWP on Respondent Bird by UPS 2nd Day Air Delivery, a Board agent also contacted Respondent Bird via phone and email on July 26, 2024, to discuss the subpoena with Respondent Bird. A true and correct copy of that email is attached as Exhibit 12. Respondent Bird did not reply to the email.

10. Subpoena A-1-1MVBTQ1 was served on Respondent Bird by UPS 2nd Day Air Delivery on October 29, 2024, and was delivered on October 31, 2024. Subpoena A-1-1MVBTQ1 compelled Respondent Bird to appear before a Board agent of Region 5 of the Board on November 12, 2024. A true and correct copy of Subpoena A-1-1MVBTQ1 and confirmation

of delivery are attached as Exhibits 5 and 13. Subpoena A-1-1MVBTQ1 was issued under the authority of and in the manner and form provided for in Section 11(1) of the Act and Sections 102.31 and 102.113 of the Board's Rules.

11. In addition to serving Subpoena A-1-1MVBTQ1 on Respondent Bird by UPS 2nd Day Air Delivery on October 29, 2024, Board Agent Szabo contacted Respondent Bird by phone on November 20, 2024. When Board Agent Szabo identified himself, Respondent Bird immediately terminated the call. Following this interaction, Board Agent Szabo also sent a copy of Subpoena A-1-1MVBTQ1 to Respondent Bird by text message to a phone number where Board Agent Szabo had previously reached Respondent Bird on November 20, 2024. In an effort to ensure that Respondent Bird had received Subpoena A-1-1MVBTQ1, and to attempt to secure her cooperation with the subpoena, the undersigned sent Respondent Bird a courtesy copy of Subpoena A-1-1MVBTQ1 via email on December 17, 2024. The Board obtained Respondent Bird's email address in an employment record provided to the Board in Case 05-RC-279327. True and correct copies of the text message and email conveying Subpoena A-1-1MVBTQ1 are attached as Exhibits 14 and 15. See also Exhibit 16 Declaration of Board Agent Szabo and Exhibit 17 Declaration of the undersigned, Katherine E. Leung.

12. Subpoena A-1-1N9YT0Z was served on Respondent Bird by UPS 2nd Day Air Delivery on December 17, 2024. Subpoena A-1-1N9YT0Z compelled Respondent Bird to appear before a Board agent of Region 5 of the Board on January 6, 2025. This subpoena was issued under the authority of and in the manner and form provided for in Section 11(1) of the Act and Sections 102.31 and 102.113 of the Board's Rules. UPS tracking shows that delivery was attempted on December 18, 2024, and that a notice of attempted delivery was left for Respondent Bird at her residence on December 18, 2024, indicating that she could retrieve the delivery from

UPS distribution facility located at Global Print Master Inc., 2004 Rhode Island Ave NE, Washington, DC, 20018.

UPS tracking further shows that Respondent Bird did not collect the delivery from the UPS distribution facility. True and correct copies of Subpoena A-1-1N9YT0Z and the tracking and delivery information are attached as Exhibits 7 and 18.

13. UPS notified the Board on January 14, 2025, that Respondent Bird refused delivery of Subpoena A-1-1N9YT0Z. A true and correct copy of the UPS notification of refused delivery is attached as Exhibit 19.

14. On January 15, 2025, UPS returned the package containing Subpoena A-1-1N9YT0Z to the Board, with a sticker affixed to the package reflecting that the recipient refused delivery. A true and correct copy of the UPS pouch reflecting the refused delivery status is attached as Exhibit 20.

15. In an effort to ensure Respondent Bird's receipt of Subpoena A-1-1N9YT0Z, on December 18, 2024, the undersigned Board agent also sent a copy of Subpoena A-1-1N9YT0Z to Respondent Bird by text message, to a phone number where a Board agent had previously spoken with Respondent Bird, and a personal email address which the Board obtained via employment records submitted in Case 05-RC-279327. While Respondent Bird did not reply to either the email or the text message conveying the subpoena, the undersigned received an automated Apple iMessage read-receipt when Respondent Bird opened the text message. True and correct copies of the text message and email providing courtesy copies of Subpoena A-1-1N9YT0Z to Respondent Bird are attached as Exhibits 21 and 22. See also Exhibit 17, Declaration of Katherine Leung.

16. The subpoenas ad testificandum described above in paragraphs four through eight required Respondent Bird to appear before a Board agent at 10:00 a.m. on August 1, 2024, and November 12, 2024, at the Board's Region 5 Washington Resident Office located at 1015 Half Street SE, Washington, D.C. 20570, and at 10:00 a.m. on January 6, 2025, at the Board's Region 5 Office, 101 W. Lombard Street, Suite 700, Baltimore, Maryland, 21201, for the purpose of providing testimony, relevant to the unfair labor practice charges under investigation, in the form of a sworn affidavit.

17. Section 102.4(b) of the Board's Rules provide that subpoenas may be served, among other ways, by private delivery service.

18. Section 11(1) of the Act and Section 102.31(b) of the Board's Rules provide for a period of 5 days after service of a subpoena within which any person served may petition the Board to revoke the subpoena. Respondent Bird did not file a petition to revoke any of the subpoenas ad testificandum served upon her, as provided for in the Act or the Board's Rules, or otherwise seek to quash the subpoenas.

19. On August 1, 2024, Respondent Bird failed to appear at the Washington Resident Office of the Board as directed in the subpoena ad testificandum A-1-1M1SMWP. Respondent Bird did not contact the Board to explain her absence.

20. On November 12, 2024, Respondent Bird failed to appear at the Washington Resident Office of the Board as directed in the Subpoena A-1-1MVBTQ1. Respondent Bird did not contact the Board to explain her absence.

21. On January 6, 2025, Respondent Bird failed to appear at the Baltimore Regional Office of the Board as directed in the Subpoena A-1-1N9YT0Z. Respondent Bird did not contact the Board to explain her absence.

22. To date, Respondent Bird has not contacted the Board.

23. The failure of Respondent Bird to comply with Subpoena ad testificandum A-1-1M1SMWP, Subpoena A-1-1MVBTQ1, and Subpoena A-1-1N9YT0Z constitutes contumacious conduct within the meaning of Section 11(2) of the Act.

WHEREFORE, in view of Respondent's contumacious conduct, the Applicant, National Labor Relations Board, respectfully prays:

1. That an order to show cause issue directing Respondent Bird to appear before this Court on a date specified in the order and to show cause why an order should not issue directing Respondent to comply with subpoenas ad testificandum A-1-1M1SMWP, A-1-1MVBTQ1, and A-1-1N9YT0Z by appearing before the Regional Director of Region 5 of the Board, or his agent, at such time and place as the Regional Director may designate, and to then and there give testimony and answer any and all questions relevant and material to the matters under investigation and in question in the proceedings before the Board;

2. After considering arguments in response to the order to show cause, that this Court issue an order requiring Respondent Bird to appear before the Regional Director of Region 5 of the Board, or his agent, at such time and place as the Regional Director may designate, and to then and there give testimony and answer any and all questions relevant and material to the matters under investigation and in question in the proceedings before the Board in TagBGroup d/b/a Tag B Parking, Cases 05-CA-307789 and 05-CA-308552; and

3. That the Applicant National Labor Relations Board have such other and further relief as may be necessary and appropriate.

Dated at Washington, D.C. this 18th day of February 2025.

Respectfully submitted,

| | |
|---|---|
| ___/s/ Daniel M. Heltzer___ | ___/s/ Katherine E. Leung___ |
| Daniel M. Heltzer | Katherine E. Leung |
| Regional Attorney | Counsel for Applicant |
| National Labor Relations Board, Region 5 | National Labor Relations Board, Region 5 |
| Washington Resident Office | Washington Resident Office |
| 1015 Half Street SE, | 1015 Half Street SE |
| Washington, D.C. 20570 | Washington, D.C. 20570 |
| (202) 208-0124 | (202) 501-1648 |
| Maryland Attorney # 0412140332 | Bar #   90010093 |
| | (New Mexico Bar #150573) |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD**<br><br>　　1015 Half Street SE<br>　　Washington, D.C., 20570<br><br>　　　　Applicant,<br><br>　v.<br><br>**TASHA BIRD**<br><br>　　2619 Bladensburg Road NE, Apt. 408,<br>　　Washington, D.C. 20018<br><br>　　　　Respondent. | Civil Case No. |

## CERTIFICATE OF SERVICE

This is to certify that on February 18, 2025, I served copies of Application for Order Requiring Compliance With Administrative Subpoenas Ad Testificandum on the interested party in this action by placing true copies thereof in sealed envelopes for delivery by UPS 2nd Day Air and regular mail to the party listed below:

　　Tasha Bird
　　2619 Bladensburg Road NE, Apt. 408
　　Washington, D.C. 20018

Executed on February 18, 2025, at Washington, District of Columbia.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Katherine E. Leung* _____
　　　　　　　　　　　　　　　　　　　　　　　　Katherine E. Leung
　　　　　　　　　　　　　　　　　　　　　　　　Counsel for Applicant
　　　　　　　　　　　　　　　　　　　　　　　　National Labor Relations Board, Region 5
　　　　　　　　　　　　　　　　　　　　　　　　Washington Resident Office

                                      1015 Half Street SE
                                      Washington, D.C. 20570
                                      (202) 501-1648
                                      Bar #   90010093
                                      (New Mexico Bar #150573)